IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANN M. HOWLAND,                )
                               )
        Plaintiff,             )
                               )
    v.                         )    No. 11 C 3390
                               )
MEDTRONIC, INC.,               )
                               )
        Defendant.             )

MEMORANDUM ORDER

Medtronic, Inc. ("Medtronic") has filed an Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Ann Howland ("Howland"). This memorandum order is issued sua sponte because of one problem with the Answer and a more serious flaw in the ADs.

As to the Answer, each of Count I ¶8, Count III ¶¶6 and 7 and Count IV ¶¶7 and 9 follows a properly-framed disclaimer that conforms to Fed. R. Civ. P. ("Rule") 8(b)(5) by adding the phrase "and therefore denies the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted language is stricken from the Answer wherever it appears.[1]

As for the ADs, they really abuse the basic concept that

---

[1] This phrasing is used to cover the possibility that this Court's review of the Answer has missed any comparable errors in other paragraphs.

underpins Rule 8(c) and the caselaw applying it (see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). In doing so they flout the federal notion of notice pleading that is applicable to plaintiffs and defendants alike. Thus:

1. AD 1 is really the equivalent of a Rule 12(b)(6) motion, which necessitates the acceptance of all of Howland's well-pleaded allegations as true. On that score it is dead wrong, and it is stricken.

2. Metronic's next 30 (!!) ADs don't merely fit the proverbial "everything but the kitchen sink" pejorative characterization--they include the kitchen sink as well. As such, they defeat the ADs' purpose of legitimately apprising Howland's counsel and this Court of whatever actual defenses may be advanced in the objective (as well as subjective) good faith demanded by Rule 11(b).[2] If and when any of the matters that have been referred to in conclusory boilerplate terms are indeed appropriate for submission, Midtronic must advance them in a more informative fashion, by (a) accompanying each with a more fleshed-out statement of the grounds for the submission and (b) presenting them in

---

[2] Any pleader should know that Medtronic's amorphous references to the asserted barring of claims "in whole or in part" and as to what "may have been" true tend to subvert the proper role of notice pleading.

2

motion form for resolution by this Court. In the meantime all 30 are stricken, without prejudice to the possible future reassertion of one or more of them in proper form.

    3. Somewhat incredibly in light of the laundry list that has gone before, AD 32 purports to reserve the right to assert any <u>additional</u> ADs "as may be appropriate upon the facts and issues disclosed during the course of additional investigation and discovery." That of course adds nothing to the present mix, and it is stricken as well--if that eventuality were to occur, Medtronic's counsel would have to tender the matter for consideration by this Court--so that any claimed current reservation of rights has no real meaning.

Medtronic is represented by a well-established major law firm, and the issuance of this corrective opinion should not really have been necessary. This Court's consideration of an appropriate modest sanction has led to this resolution:

    1. No charge is to be made to Medtronic for one-half of the time devoted to preparation of the original Answer and ADs, or for any of the time and expenses that may be involved in the preparation and submission of revised ADs in proper form.

    2. Medtronic's counsel are ordered to apprise their client of the limitations imposed by this memorandum order,

accompanying that communication with a copy of this memorandum order itself, and they are further ordered to provide this Court with a copy of the letter to the client (for informational purposes only, not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: May 31, 2011